**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **No. 3:23-cr-418-E-1** |
| | § | |
| **MARCO ANGELE HENDRICKSON,** | § | |
| **#10530-062,** | § | |
| **Defendant.** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the "Defendant's Motion For Judicial Disqualification And Recusal And Notice To The Chief Judge Of The Court Requesting An Investigation Into Ethical Violations Committed By The Prosecution Team," received on March 17, 2026 (Doc. 208). Having considered the motion, relevant filings, and applicable law, the Court **DENIES** the motion.

## I. BACKGROUND

After first being charged by complaint, Defendant Marco Angele Hendrickson was charged by indictment with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). (*See* Docs. 1, 4.) Following a trial at which Defendant represented himself with standby counsel, a jury found Defendant guilty of the charged offense. (*See* Doc. 136.) By judgment entered January 8, 2025, the Court sentenced him to 100 months of imprisonment, to run concurrently with any sentence imposed in a related state court case and to be followed by three years of supervised release. (*See* Doc. 178.) Defendant's direct appeal of this case is currently pending in the United States Court of Appeals for the Fifth Circuit. *See United States v. Hendrickson*, No. 25-10167 (5th Cir. Jan. 10, 2025). On March 17, 2026, Defendant filed the instant motion. (*See* Doc. 208.)

## II.  ANALYSIS

In his current motion, Defendant seeks: (1) the disqualification and recusal of the presiding District Judge based on alleged bias and prejudice; and (2) investigation into alleged misconduct by the Government during the underlying criminal proceedings.  (*See id.*)

Regarding his request for disqualification or recusal of the undersigned, Defendant seeks relief under 28 U.S.C. §§ 144 and 155.  (*See id.* at 5.)  Setting aside that this case is closed, § 144 and § 455 are the "[t]wo federal statutes [that] govern recusal of district court judges for bias." *United States v. Brocato*, 4 F.4th 296, 301 (5th Cir. 2021) (citing *United States v. Scroggins*, 485 F.3d 824, 829 & n.19 (5th Cir. 2007)).  Under either provision, "the alleged bias must be personal, as distinguished from judicial, in nature."  *Scroggins*, 485 F.3d at 830 (citation and internal quotation marks omitted).  As such, "under either statute, adverse rulings or comments by a judge 'will support a claim of bias only if they reveal an opinion based on an extrajudicial source or if they demonstrate such a high degree of antagonism as to make fair judgment impossible.'" *Brocato*, 4 F.4th at 302 (citation and internal quotation marks omitted).  Additionally, "opinions formed by the judge on the basis of facts introduced or events occurring" during current or prior proceedings are not grounds for a disqualification or recusal motion "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."  *Liteky v. United States*, 510 U.S. 540, 555 (1994).  The disqualification decision is committed to the sound discretion of the trial judge.  *See Henderson v Dep't of Pub. Safety and Corr.*, 901 F.2d 1288, 1295-96 (5th Cir. 1990) (addressing recusal under both § 144 and § 455).

Here, Defendant states that "there are several instances where the remarks and actions by the district judge reflect her biased and prejudicial approach to resolving issues in favor of the government and against the defendant."  (Doc. 208 at 5.)  The alleged instances of bias of which

Defendant complains are not personal, however. Instead, his grounds for disqualification and recusal are based on statements and adverse rulings and determinations with which he disagrees and for which he alleges no facts demonstrating that they were based on any extrajudicial information or any degree of antagonism. Adverse rulings, admonishments to counsel, and "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to," a party or its case do not support a claim of judicial bias or partiality. *Liteky*, 510 U.S. at 555. Because Defendant fails to present valid grounds for disqualification or recusal, he has not established that disqualification or recusal is warranted or justified under § 144 or § 455. The Court therefore **DENIES** Defendant's motion as to his request for disqualification and recusal of the presiding District Judge.

As to his request for an investigation, Defendant takes issue with various actions and conduct by the Government during the underlying criminal proceedings. (*See* Doc. 208 at 2-4.) According to Defendant, the Government's actions and conduct constituted prosecutorial misconduct that violated his constitutional due process rights and right to a fair trial. (*See id.*) Defendant may pursue relief against the Government for alleged constitutional violations that occurred during his criminal proceedings by filing an appropriate motion under 28 U.S.C. § 2255 after his conviction becomes final. Any such relief requested by Defendant's instant motion in this closed case is **DENIED**.

**SO ORDERED** this 18th day of June, 2026.

**ADA BROWN**
**UNITED STATES DISTRICT JUDGE**

3